**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA LIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  12-cv-5434 |
| | ) | |
| vs. | ) | JUDGE LEFKOW |
| | ) | |
| THE CITY OF CHICAGO, Chicago Police | ) | COMPLAINT FOR VIOLATION |
| Officer ROBERT GALLAS, STAR NO. 17815, | ) | OF CIVIL RIGHTS |
| Chicago Police Officer SCOTT BITTNER, STAR | ) | |
| NO. 11126, Chicago Police Officer ROBERT | ) | **JURY DEMANDED** |
| STEGMILLER, STAR NO. 18764, Chicago Police | ) | |
| Officer VINCENT CIOCCI, STAR NO. 12914, | ) | |
| Chicago Police Officer OSCAR ESCALANTE, | ) | |
| STAR NO. 15081, Chicago Police Officer DANIEL | ) | |
| PACELLI, STAR NO. 8802, Chicago Police Officer | ) | |
| MICHAEL O'CONNOR, STAR NO. 8342, and | ) | |
| Sergeant MICHAEL KARCZEWSKI, STAR NO. | ) | |
| 1055, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1985).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

### PARTIES

3.     At all times herein mentioned, Plaintiff, KATRINA LIAS, was and is now a citizen of the United States.

4.      At all times herein mentioned Chicago Police Officer ROBERT GALLAS, Star No. 17815 ("GALLAS"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

5.      At all times herein mentioned Chicago Police Officer SCOTT BITTNER, Star No. 11126 ("BITTNER"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

6.      At all times herein mentioned Chicago Police Officer ROBERT STEGMILLER, Star No. 18764 ("STEGMILLER"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

7.      At all times herein mentioned Chicago Police Officer VINCENT CIOCCI, Star No. 12914 ("CIOCCI"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

8.      At all times herein mentioned Chicago Police Officer OSCAR ESCALANTE, Star No. 15081 ("ESCALANTE"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

9.      At all times herein mentioned Chicago Police Officer DANIEL PACELLI, Star No. 8802 ("PACELLI"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

10.     At all times herein mentioned Chicago Police Officer MICHAEL O'CONNOR, Star No. 8342 ("O'CONNOR"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

11.     At all times herein mentioned Sergeant MICHAEL KARCZEWSKI, Star No. 1055 ("KARCZEWSKI"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

(GALLAS, BITTNER, STEGMILLER, CIOCCI, ESCALANTE, PACELLI, O'CONNOR, KARCZEWSKI are referred to herein as the "Individual Defendants")

12.      At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

13.     On or about June 8, 2012, Plaintiff resided in her home located in 3620 S. Rhodes, Apartment 1103, Chicago, Illinois.

14.     At that time and place the Individual Defendants entered and searched the Plaintiff's home located in Chicago, Illinois.

15.     The Individual Defendants failed to knock and announce their office or indicate that they had a search warrant prior to forcibly entering Plaintiff's home on June 8, 2012.

16.     The Plaintiff did not give the Individual Defendants consent to enter her home on June 8, 2012.

17.     There was no legal cause to search the Plaintiff's home on June 8, 2012.

18.    The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiff's home on June 8, 2012.

19.    Plaintiff did not consent to her home being searched on June 8, 2012.

20.    By reason of the above-described acts and omissions of the Individual Defendants, Plaintiff sustained injuries, including but not limited to, property damage, humiliation and indignities, and plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

21.    The aforementioned acts of the Individual Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22.    By reason of the above-described acts and omissions of the Individual Defendants, and each of them, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that they might vindicate the loss and impairment of their rights.  By reason thereof, Plaintiff requests payment by the Individual Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against the Individual Defendants**
**For Unreasonable Search and Seizure**

23.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereafter as though fully set forth at this place.

24.    By reason of the Individual Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

25.     The arbitrary intrusion by the Individual Defendants into the security and privacy of Plaintiff's home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Individual Defendants violated the Plaintiff's rights in the following manner on June 8, 2012: (1) The forcible entry and search of Plaintiff's home; (2) Forcibly entering the home without proper consent and first knocking and announcing their office; and (3) Causing excessive and unnecessary property damage to the Plaintiff's home and personal property contained therein; (4) seizing Plaintiff's property without just cause.   These acts were in violation of the Plaintiff's Fourth Amendment rights.  Therefore, the Individual Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff against Defendant Gallas for
### Unreasonable Procurement of a Search Warrant

26.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereafter as though fully set forth at this place.

27.      Plaintiff is informed and believes that Defendant Gallas may have procured a search warrant on or about June 7, 2012, identifying Plaintiff's home as the premises to be searched and indicating that Hassan Potts resided in the home.

28.     Hassan Potts did not reside at Plaintiff's home on June 7, 2012 and has never resided at Plaintiff's home.

29.     Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

a.      relying upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

b.      failing to independently verify information provided by the confidential informant prior to obtaining the warrant;

c.     failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiff's home, Hassan Potts' place of residence, and Plaintiff.

d.     failing to conduct a search of available databases for any information connecting Hassan Potts to 3620 S. Rhodes, Apartment 1103, Chicago, Illinois;

e.     failing to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

f.     failing to conduct a search of available databases for information related to the identity of the owner and occupants of the residence located at 3620 S. Rhodes, Apartment 1103, Chicago, Illinois.

30.     No reasonably well trained police officer in the position of Gallas would have applied for the search warrant obtained by Gallas and it was done intentionally or with reckless disregard to the rights of Plaintiff.

31.     As a result of Gallas' unreasonable procurement of the search warrant, Plaintiff sustained damages including but not limited to property damage, property loss, and emotional distress.

32.     The procurement of the search warrant was in violation of Plaintiff's Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution. Therefore, Gallas, in his individual capacity is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

6

## COUNT III
### Plaintiff against the Individual Defendants
### for the State Supplemental Claim of Trespass

33.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereafter as though fully set forth at this place.

34.     The Individual Defendants committed the tort of trespass when they entered Plaintiff's home without permission or authority on July 8, 2011.

35.     The City of Chicago is liable to Plaintiff for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1.     That the Defendants be required to pay the Plaintiff's general damages including emotional distress, in a sum to be ascertained.

2.     That Defendants be required to pay Plaintiff's special damages.

3.     That Defendants, except the City of Chicago, be required to pay Plaintiff's exemplary and punitive damages in a sum to be ascertained;

4.     That Defendants be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5.     That Defendants be required to pay Plaintiff the costs of suit herein incurred; and

6.     That Plaintiff have such other and further relief as the court may deem just and proper.

BY:    <u>s/Jonathan R. Ksiazek</u>
Jonathan R. Ksiazek
Ed Fox & Associates
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Jonathan R. Ksiazek</u>
Jonathan R. Ksiazek
Ed Fox & Associates
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA LIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  12-cv-5434 |
| | ) | |
| vs. | ) | JUDGE LEFKOW |
| | ) | |
| THE CITY OF CHICAGO, Chicago Police | ) | COMPLAINT FOR VIOLATION |
| Officer ROBERT GALLAS, STAR NO. 17815, | ) | OF CIVIL RIGHTS |
| Chicago Police Officer SCOTT BITTNER, STAR | ) | |
| NO. 11126, Chicago Police Officer ROBERT | ) | **JURY DEMANDED** |
| STEGMILLER, STAR NO. 18764, Chicago Police | ) | |
| Officer VINCENT CIOCCI, STAR NO. 12914, | ) | |
| Chicago Police Officer OSCAR ESCALANTE, | ) | |
| STAR NO. 15081, Chicago Police Officer DANIEL | ) | |
| PACELLI, STAR NO. 8802, Chicago Police Officer | ) | |
| MICHAEL O'CONNOR, STAR NO. 8342, and | ) | |
| Sergeant MICHAEL KARCZEWSKI, STAR NO. | ) | |
| 1055, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF FILING</u>**

To:        Nicholas Siefert
           Assistant Corporation Counsel
           30 North LaSalle Street, Suite 900
           Chicago, IL 60602

        PLEASE TAKE NOTICE that on October 22, 2012, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S FIRST AMENDED COMPLAINT**, service of which is being made upon you**.**

                                        s/Jonathan R. Ksiazek
                                        Jonathan R. Ksiazek
                                        ED FOX & ASSOCIATES
                                        300 West Adams, Suite 330
                                        Chicago, IL 60606
                                        (312) 345-8877

## <u>PROOF OF SERVICE</u>

 I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on October 22, 2012, service is being made in accordance with the General Order on Electronic Case Filing section XI.

<u>s/Jonathan R. Ksiazek</u>
Jonathan R. Ksiazek
